UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SEDRIC LAMON SMITH, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-11-289 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER TO TRANSFER

The petitioner, Sedric Lamon Smith (#1527650) is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Smith filed this action seeking a federal writ of habeas corpus to challenge a 2008 conviction in Ellis County, Texas, of burglary and possession of a firearm. After reviewing the petition and the applicable law, the Court concludes that his case must by transferred for reasons set forth below.

Because the petitioner is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is governed by 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain this application.

The Fifth Circuit has clarified that under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of *only* two places: (1) in the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v.*

*Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). Although the statute speaks only to districts, the Fifth Circuit has extended the rule found in § 2241(d) to divisions within the same district as well. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction where witnesses were located was a more appropriate venue than the division of confinement in challenge to the conviction).

A district court for the district in which an application for habeas corpus relief has been filed may, in the exercise of it discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). Smith was convicted in the 40th Judicial District Court of Ellis County, Texas. This Court concludes that justice would be better served if this case were transferred to the Dallas Division of the Northern District of Texas, where the state court in which the petitioner was convicted and sentenced is located. *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991); *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir), cert. denied *sub nom.*; *Bell v. Thigpen*, 464 U.S. 843 (1983); *see also* Southern District of Texas, General Order of May 30, 1985 ("If, after review of the application, the convicting court is found to be outside this district, this Court will transfer the application for writ of habeas corpus to the District where the applicant was convicted.").

Accordingly, the Clerk is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the United States District Court for the Northern District of Texas, Dallas Division.

The Clerk will provide a copy of this order to the parties**.**

SIGNED at Houston, Texas this 5th day of July, 2011.

_____
Kenneth M. Hoyt
United States District Judge