**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **SEDRIC LAMON SMITH, 1527650,** ) | |
|         Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-CV-1485-D |
| ) | |
| **RICK THALER, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner challenges his convictions for burglary of a habitation and unlawful possession of a firearm by a felon.  *State of Texas v. Sedrick Lamon Smith*, Nos. 32888CR and 328887CR (40th Jud. Dist. Ct., Ellis County, Tex., Aug. 23, 2008).  Petitioner was sentenced to seventy years confinement for the burglary conviction and ten years confinement for the firearm conviction, to run concurrently.

On November 25, 2009, the Tenth District Court of Appeals affirmed the convictions and sentences.  *Smith v. State*, No. 10-08-00360-CR, 2009 WL 4263701 (Tex. App. – Waco 2008, pet. dism'd).  On March 31, 2010, the Court of Criminal Appeals dismissed Petitioner's petition for discretionary review as untimely.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -1-

On March 29, 2011, Petitioner filed state applications for writ of habeas corpus challenging each conviction. *Ex parte Smith*, No. 75,933-01 and -02. On June 8, 2011, the Texas Court of Criminal Appeals dismissed the applications for failure to comply with Texas Rule of Appellate Procedure 73.1. On June 24, 2011, Petitioner again filed state habeas applications challenging his convictions. *Ex parte Smith*, No. 75,933-03 and -04. On July 27, 2011, the Texas Court of Criminal Appeals denied the applications without written order on the findings of the trial court.

On June 15, 2011, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues:

(1) the prosecutor and the trial judge made improper comments to the jury;

(2) the prosecutor failed to timely disclose the victim's criminal record;

(3) the prosecutor withheld exculpatory evidence regarding ownership of one of the guns found during Petitioner's arrest;

(4) he received ineffective assistance of counsel when counsel failed to have Petitioner testify;

(5) he received ineffective assistance of counsel when counsel failed to sever the gun charge from the burglary charge;

(6) he was denied the right to appeal because the Texas Court of Criminal Appeals did not timely notify him that it had dismissed his first habeas petition as noncompliant.

On October 16, 2011, Respondent filed his answer arguing the petition is time-barred. On November 14, 2011, Petitioner filed his reply. The Court now finds the petition should be

dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

On November 25, 2009, the Tenth District Court of Appeals affirmed the convictions and sentences. Petitioner filed a motion for extension to file his PDR, and the Court of Criminal Appeals granted him until February 26, 2010, to file the PDR. Petitioner's second and third requests for an extension of time to file his PDR were denied. On March 15, 2010, Petitioner filed his PDR. The Court of Criminal Appeals dismissed the PDR as untimely. Petitioner's convictions therefore became final on February 26, 2010, when the time for filing his PDR expired. *See Gonzales v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (stating the judgment becomes final at the expiration of the time for seeking direct review, regardless of when mandate issues); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (same). Petitioner then had one year, or until February 26, 2011, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On March 29, 2011, Petitioner filed a state petition for writ of habeas corpus. This petition did not toll the limitations period, however, because it was filed after the one-year limitations period expired. Even if it had been filed prior to the AEDPA limitations date, it would not have tolled the limitations period because it was dismissed for failure to comply with the Texas appellate rules. It therefore was not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings).

Petitioner was required to file his federal petition by February 26, 2011. He did not file his petition until June 15, 2011. His petition is therefore untimely.

B. **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 6th day of March, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).